Exhibit A

STATE OF INDIANA
CIRCUIT COURT OF TIPPECANOE COUNTY

| | | |
|---|---|---|
| Fabian Huizar, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | 79C01-2207-CT-_____ |
| | : | |
| Experian Information Solutions, Inc., | : | |
| Defendant. | : | |

## SUMMONS

To: <u>EXPERIAN INFORMATION SOLUTIONS, INC. c/o C T CORPORATION SYSTEM</u>

Address: <u>150 WEST MARKET STREET, SUITE 800, INDIANAPOLIS, IN 46204</u>

You have been sued by the person listed as the Plaintiff in the Court stated above. The nature of the proceeding is a civil tort/plenary action and is attached to this Summons. It also states the demand that the party has made and/or requests.

You must answer the petition in writing, by you or your attorney, within twenty (20) days of service, or judgment by default may be entered for that which the party has demanded.

The Tippecanoe County Circuit Court is located at 301 Main Street, Lafayette, IN 47901. The Court's telephone number is (765) 423-9343. The name, address, and telephone number of the attorney for the Plaintiff is:

Duran L. Keller
KELLER LAW
P.O. Box 1248
Lafayette, IN 47902-1248
(765) 765-444-9202
duran@keller.law

DATED: 7/12/2022

(Seal)
TIPPECANOE COUNTY CLERK

[SEAL: TIPPECANOE COUNTY CLERK INDIANA]

The following manner of service is designated:
**Private Service** together with Complaint

STATE OF INDIANA
CIRCUIT COURT OF TIPPECANOE COUNTY

| | | |
|---|---|---|
| Fabian Huizar, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | 79C01-2207-CT-_____ |
| | : | |
| Experian Information Solutions, Inc., | : | **DEMAND FOR JURY TRIAL** |
| Defendant. | : | |

## COMPLAINT

### *Introduction*

1. This is a case about inaccurate credit information and a company's bad investigations of a person's disputes concerning such credit. With no regard for the clearly false credit information, the company ignored attempts to rectify the errors.

2. Defendant is Experian Information Solutions, Inc. ("Experian").

3. Experian is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

4. This case involves an account held by Horizon Bank ("Horizon").

### *PARTIES*

**Plaintiff Fabian Huizar ("Mr. Huizar")**

5. Fabian Huizar ("Mr. Huizar") is an individual.

**Defendant Experian Information Solutions, Inc. ("Experian")**

6. Experian is a company organized and existing under the laws of the State of Ohio.

7. Experian's principal place of business is located at 475 Anton Blvd., Costa Mesa, CA 92626.

8. Experian's registered agent for service of process in Indiana is C T Corporation System, 150 West Market Street, Suite 800, Indianapolis, Indiana 46204.

1

9. At all times relevant to this action, Experian employees and agents were agents acting on behalf of Experian.

10. Experian maintains a website at https://www.experian.com

11. Experian is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

## *Dispute Timing and Allegations*

### 1.1   The July 2020 Dispute

12. In July of 2020, Mr. Huizar sent a letter to Experian dated for a day in July of 2020 disputing credit information (the "July 2020 Dispute") concerning Mr. Huizar.

13. Mr. Huizar's July 2020 Dispute indicated certain credit information was false or inaccurate.

14. The July 2020 Dispute disputed information concerning a Horizon Bank account.

15. Experian notified Horizon of Mr. Huizar's July 2020 Dispute and the inaccurate information alleged by Mr. Huizar.

16. Experian sent an Automated Credit Dispute Verification (ACDV) form to Horizon related to the July 2020 Dispute.

17. Contained in Mr. Huizar's July 2020 Dispute was documentation supporting the fact that certain disputed information was inaccurate.

18. In response to the July 2020 Dispute, Experian did not conduct a reasonable investigation with respect to the disputed information.

19. No individual person conducted an investigation of the July 2020 Dispute for Experian.

20. In conducting the investigation for the July 2020 Dispute, Experian did not review the relevant information provided in the July 2020 Dispute.

21. Experian was unable to verify the disputed information in the July 2020 Dispute.

22. In response to the July 2020 Dispute, Experian stated that it verified certain disputed information as accurate.

23. In response to the July 2020 Dispute, Experian did not to modify, delete or permanently block the disputed information.

### 1.2   The November 2020 Dispute

24. In November of 2020, Mr. Huizar sent a letter to Experian dated for a day in November of 2020 disputing credit information (the "November 2020 Dispute") concerning Mr. Huizar.

25. Mr. Huizar's November 2020 Dispute indicated certain credit information was false or inaccurate.

26. The November 2020 Dispute disputed information concerning a Horizon account.

27. Experian notified Horizon of Mr. Huizar's November 2020 Dispute and the inaccurate information alleged by Mr. Huizar.

28. Experian notified Horizon of Mr. Huizar's November 2020 Dispute and the inaccurate information alleged by Mr. Huizar.

29. Experian sent an Automated Credit Dispute Verification (ACDV) to Horizon related to the November 2020 Dispute.

30. In response to the November 2020 Dispute, Experian did not conduct a reasonable investigation with respect to the disputed information.

31. No individual person conducted an investigation of the November 2020 Dispute for Experian.

32. In conducting the investigation for the November 2020 Dispute, Experian did not review the relevant information provided in the November 2020 Dispute.
33. In response to the November 2020 Dispute, Experian responded to Mr. Huizar that certain disputed information was accurate.
34. Experian was unable to verify the disputed information in the November 2020 Dispute.
35. In response to the November 2020 Dispute, Experian did not to modify, delete or permanently block the disputed information.

### 1.3     The January 2021 Dispute

36. In January of 2021, Mr. Huizar sent a letter to Experian dated for a day in January of 2021 disputing credit information (the "January 2021 Dispute") concerning Mr. Huizar.
37. Mr. Huizar's January 2021 Dispute indicated certain credit information was false or inaccurate.
38. The January 2021 Dispute disputed information concerning a Horizon account.
39. Experian notified Horizon of Mr. Huizar's January 2021 Dispute and the inaccurate information alleged by Mr. Huizar.
40. Experian sent an Automated Credit Dispute Verification (ACDV) to Horizon related to the January 2021 Dispute.
41. Contained in Mr. Huizar's January 2021 Dispute was documentation supporting the fact that certain disputed information was inaccurate.
42. In response to the January 2021 Dispute, Experian did not conduct a reasonable investigation with respect to the disputed information.

4

43. No individual person conducted an investigation of the January 2021 Dispute for Experian.

44. In conducting the investigation for the January 2021 Dispute, Experian did not review the relevant information provided in the January 2021 Dispute.

45. In response to the January 2021 Dispute, Experian stated that it verified certain disputed information as accurate.

46. Experian was unable to verify the disputed information in the January 2021 Dispute.

47. In response to the January 2021 Dispute, Experian did not to modify, delete or permanently block the disputed information.

### 1.4    The November 2021 Dispute

48. In November of 2021, Mr. Huizar sent a letter to Experian dated for a day in November of 2021 disputing credit information (the "November 2021 Dispute") concerning Mr. Huizar.

49. Mr. Huizar's November 2021 Dispute indicated certain credit information was false or inaccurate.

50. The November 2021 Dispute disputed information concerning a Horizon account.

51. Experian notified Horizon of Mr. Huizar's November 2021 Dispute and the inaccurate information alleged by Mr. Huizar.

52. Experian sent an Automated Credit Dispute Verification (ACDV) form to Horizon related to the November 2021 Dispute.

53. Contained in Mr. Huizar's November 2021 Dispute was documentation supporting the fact that certain disputed information was inaccurate.

54. In response to the November 2021 Dispute, Experian did not conduct a reasonable investigation with respect to the disputed information.
55. No individual person conducted an investigation of the November 2021 Dispute for Experian.
56. In conducting the investigation for the November 2021 Dispute, Experian did not review the relevant information provided in the November 2021 Dispute.
57. In response to the November 2021 Dispute, Experian stated that it verified certain disputed information as accurate.
58. Experian was unable to verify the disputed information in the November 2021 Dispute.
59. In response to the November 2021 Dispute, Experian did not to modify, delete or permanently block the disputed information.

### 1.5   The December 2021 Dispute

60. In December of 2021, Mr. Huizar sent a letter to Experian dated for a date in December of 2021 disputing credit information (the "December 2021 Dispute") concerning Mr. Huizar.
61. Mr. Huizar's December 2021 Dispute indicated certain credit information was false or inaccurate.
62. The December 2021 Dispute disputed information concerning a Horizon account.
63. Experian notified Horizon of Mr. Huizar's December 2021 Dispute and the inaccurate information alleged by Mr. Huizar.
64. Experian sent an Automated Credit Dispute Verification (ACDV) form to Horizon related to the December 2021 Dispute.

6

65. Contained in Mr. Huizar's December 2021 Dispute was documentation supporting the fact that certain disputed information was inaccurate.
66. In response to the December 2021 Dispute, Experian did not conduct a reasonable investigation with respect to the disputed information.
67. No individual person conducted an investigation of the December 2021 Dispute for Experian.
68. In conducting the investigation for the December 2021 Dispute, Experian did not review the relevant information provided in the December 2021 Dispute.
69. In response to the December 2021 Dispute, Experian stated that it verified certain disputed information as accurate.
70. Experian was unable to verify the disputed information in the December 2021 Dispute.
71. In response to the December 2021 Dispute, Experian did not to modify, delete or permanently block the disputed information.

### 1.6   The April 2022 Dispute

72. In April of 2022, Mr. Huizar sent a letter to Experian dated for April of 2022 disputing credit information (the "April 2022 Dispute") concerning Mr. Huizar.
73. Mr. Huizar's April 2022 Dispute indicated certain credit information was false or inaccurate.
74. The April 2022 Dispute disputed information concerning a Horizon account.
75. Experian notified Horizon of Mr. Huizar's April 2022 Dispute and the inaccurate information alleged by Mr. Huizar.
76. Experian sent to Horizon an Automated Credit Dispute Verification (ACDV) form related to the April 2022 Dispute.

91. Experian's procedures include reviewing all relevant information provided, yet Experian failed to review such information.
92. Alternatively, Experian has no procedures in generating the inaccurate reporting.
93. Experian was made aware of court rulings indicating that Experian's investigation was unreasonable.
94. At no point when Experian conducted any investigation into the disputed credit information did Mr. Huizar owe any money to Horizon.
95. Following each of the credit dispute investigations conducted by Experian, Experian represented that the disputed credit information met requirements of the Fair Credit Reporting Act.
96. At the time of the investigations of Mr. Huizar's disputed credit information, Experian did not have any procedures for people conducting such investigations to follow.
97. At the time of the investigations of Mr. Huizar's disputed credit information, Experian did not have written procedures concerning credit dispute investigations sufficient to find inaccurate information.
98. At the time of the investigations of Mr. Huizar's disputed credit information, Experian did not use written procedures sufficient to find concerning credit dispute investigations sufficient to find inaccurate information.
99. Experian acted negligently and with reckless disregard for its statutory duties.
100. Experian recklessly committed the acts described herein in conscious disregard for the rights of others, including Mr. Huizar.
101. At all times relevant to the facts in this case, Experian had in place an agreement concerning furnishing credit information.

102. In 2020, Experian had a subscriber agreement with Horizon.

103. In 2021, Experian had a subscriber agreement with Horizon.

104. In 2022, Experian had a subscriber agreement with Horizon.

105. Experian's investigations concerning Mr. Huizar's disputes were conducted, in whole or part, by people working outside of the United States.

106. Experian's investigations concerning Mr. Huizar's disputes were conducted, in whole or part, in part by people working inside of the United States.

107. It does not take an expert to determine that Experian's investigations were not reasonable.

108. Experian made a report of its revenue and its net worth for the calendar years 2020, 2021 and/or 2022.

109. Experian provides a monetary incentive, such as a bonus or a raise, to people conducting credit dispute investigations.

110. Experian has a way to track how much time is spent on a credit dispute investigation.

111. Experian made an error with respect to one or more credit dispute investigations concerning Mr. Huizar.

112. Experian keeps notes concerning the credit information it shares about consumers.

113. Experian is provided training by one or more attorneys on how to deal with credit disputes and conduct investigations. This training is used as part of Experian's business process for complying conducting dispute investigations.

114. Experian uses E-Oscar communications in the regular course of its business.

115. Experian had one or more written agreements, in place at some time between 2020 to 2022, describing an arrangement with a third party to perform credit dispute investigations.

116. Experian has records reflecting payment to the people or entities performing the credit dispute investigations relating to Mr. Huizar.

117. All conditions precedent necessary for this lawsuit have occurred or been performed by Mr. Huizar.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Experian for damages, fees, costs, and all such other relief that is just and proper.

## JURY DEMAND

Mr. Huizar demands a jury trial on all issues herein.

Respectfully submitted,
/s/ Duran L. Keller
Duran L. Keller (#31743-79)
**KELLER LAW**
8 N. Third Street, Suite 403
Lafayette, Indiana 47901
Telephone: (765) 444-9202
Facsimile: (765) 807-3388
Email: duran@keller.law
*Attorney for Fabian Huizar*

STATE OF INDIANA
CIRCUIT COURT OF TIPPECANOE COUNTY

| | | |
|---|---|---|
| Fabian Huizar, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | 79C01-2207-CT-_____ |
| | : | |
| Experian Information Solutions, Inc., | : | |
| Defendant. | : | |

**APPEARANCE BY ATTORNEY**

1. The undersigned attorney appears in this case for the following (*initiating*) party:

   Name: Fabian Huizar.

2. Attorney information for service as required by Trial Rules 5(B)(2) and 3.1:

   Name:　　Duran L. Keller　　　　Atty Number: #31743-79
   Firm:　　　KELLER LAW　　　　　Phone: (765) 444-9202
   Address: P.O. Box 1248　　　　　Fax:　 (765) 807-3388
   　　　　　Lafayette, IN 47902　　Email: duran@kellerlawllp.com

3. I will accept service by: FAX at the above-noted number: Yes ____ No _✓_.
4. I will accept service by EMAIL from the Court ONLY: Yes _✓_ No ____.
5. The undersigned certifies that the contact information listed on the Indiana Supreme Court Roll of Attorneys for each attorney mentioned herein is current and accurate as of this date and acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; further, the undersigned understands that he is solely responsible for keeping his Roll of Attorneys contact information current and accurate. Ind. Admis. R. 2(A).
6. The case type for this proceeding is: CT.
7. This case involves child support issues: Yes ____ No _✓_.

　　　　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　*/s/ Duran L. Keller*
　　　　　　　　　　　　　　　　　　　Duran L. Keller (#31743-79)
　　　　　　　　　　　　　　　　　　　**KELLER LAW**
　　　　　　　　　　　　　　　　　　　P.O. Box 1248
　　　　　　　　　　　　　　　　　　　Lafayette, Indiana 47902
　　　　　　　　　　　　　　　　　　　Telephone: (765) 444-9202
　　　　　　　　　　　　　　　　　　　Facsimile: (765) 807-3388
　　　　　　　　　　　　　　　　　　　Email: duran@keller.law
　　　　　　　　　　　　　　　　　　　*Attorney for Fabian Huizar*