UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| FABIAN HUIZAR, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 4:22-CV-85-PPS-JEM |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., ) | |
|     Defendant, ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Strike Answer and Affirmative Defenses [DE 15], filed by Plaintiff on December 14, 2022. Plaintiff requests that the Court strike Defendant's answer and affirmative defenses as insufficient or, alternatively, to strike challenged portions thereof. Defendant filed a response on January 4, 2023, and Plaintiff filed a reply on January 9, 2023.

**I.      Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller Fin. Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses that "present substantial questions of law or fact" will not be stricken. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). Accordingly, motions to strike affirmative defenses "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

1

However, because affirmative defenses are pleadings, they must meet all pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). "[B]are bones conclusory allegations" which "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims" will not meet this standard and may be stricken. *Id.* at 1295. Ultimately, whether to strike material under Rule 12(f) is within the sound discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

**II.    Analysis**

Plaintiff's Complaint alleges damages caused by Defendant's violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C.§ 1681 *et seq*. In the instant Motion, Plaintiff argues that the Court should strike Defendant's Answer because various paragraphs are evasive or serve to delay, and to strike Defendant's Affirmative Defenses as insufficient as a matter of law.

A.    Answer

Federal Rule of Civil Procedure 8(b), titled "Defenses; Admissions and Denials," provides, in relevant part:

> **(1)** *In General.* In responding to a pleading, a party must:
>
>> **(A)** state in short and plain terms its defenses to each claim asserted against it; and
>> **(B)** admit or deny the allegations asserted against it by an opposing party.
>
> **(2)** *Denials--Responding to the Substance.* A denial must fairly respond to the substance of the allegation.
>
> . . .
>
> (**5**) *Lacking Knowledge or Information.* A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

Fed. R. Civ. P. 8(b).

Plaintiff argues that Paragraphs 21-23, 27, 28, 33-35, 37-39, 45-47, 49-51, 53, 57-59, 61-63, and 69-71 of Defendant's Answer offers evasive denials that do not comply with Rule because Defendant responded to each of those Paragraphs with the following answer:

> In response to Paragraph [X] of the Complaint, Experian is without knowledge or information as to which "disputed information" is referenced in this Paragraph. As such, Experian denies, generally and specifically, each and every allegation contained in this Paragraph.

Defendant argues that since Plaintiff's Complaint references more than one dispute, it is unable to respond without knowing which dispute is being referenced in any individual paragraph, and that Plaintiff concedes this point with his statement in the Motion that "many of the allegations refer to 'disputed information'. Huizar's allegations make no limitation."

The Court finds that neither the Complaint allegations nor the Answer responses are artfully drafted, and because the reference to "disputed information" in each of the Complaint paragraphs is not clearly identified, the Answer will not be stricken.

B.   Affirmative Defenses

Plaintiff asks the Court to strike Defendant's Affirmative Defenses 1, 5, 6, and 9. Defendant, in its Response, agrees to withdraw its Affirmative Defenses 1 and 6.

Affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller*, 883 F.2d at 1294) ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact."). "A defense is an affirmative defense if it is specifically enumerated in Fed. R. Civ. P. 8(c), if the defendant bears the burden of proof, or if the defense does

3

not require controverting the plaintiff's proof." *Perez v. PBI Bank, Inc.*, No. 1:14-CV-1429, 2015 WL 500874, at *5 (S.D. Ind. Feb. 4, 2015) (citing *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012)). "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure" and "must set forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). The *Heller* court found several defenses meritless because they were "nothing but bare bones conclusory allegations," noting that the defendant "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims." *Id.* at 1295.

      i.      *Fifth Affirmative Defense--Estoppel*

Following a recitation of the meaning, and effect, of estoppel, the Fifth Affirmative Defense provides: "Upon information and belief, any damages that Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages."

Federal Rule of Civil Procedure 8(c) requires that the party responding to a complaint state the affirmative defenses that it intends to raise. *See* Fed. R. Civ. P. 8(c). However, Rule 8 also requires that in addition to merely stating the affirmative defense, the party raising it must meet the pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense . . . alleg[ing] the necessary elements of the alleged claims." *Heller,* 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)).

Plaintiff asks the Court to strike the Fifth Affirmative Defense on the basis that it presents only "bare bones" allegations. Defendant argues that affirmative defenses are not subject to any heightened pleading standards under *Iqbal* or *Twombly* and that early discovery reveals that Plaintiff

4

may have engaged in conduct that caused any damages he suffered.

An affirmative defense need not satisfy *Twombly* and *Iqbal*'s plausibility standard, but the affirmative defense must still contain a "short and plain statement" of the defense itself. *Heller*, 883 F.2d at 1294. Affirmative defenses must be stricken if they contain "nothing but bare bones conclusory allegations" without "*any* short and plain statement of facts." *Id*. at 1295 (emphasis added). In essence, an affirmative defense must "be adequately pled to put a plaintiff on notice of the defense." *Cottle v Falcon Holdings Management, LLC*, 2012 U.S. Dist. LEXIS 10478 at *12 2012 WL 266968 (N.D. Ind. Jan. 30, 2012); *Design Basics, LLC v. Windsor Homes, Inc.*, No. 16-51, 2016 U.S. Dist. LEXIS 91910, *8 (N.D. Ind. July 14, 2016) (denying motion to strike affirmative defenses because the affirmative defenses were stated "in short and plain terms" and "sufficiently put [the plaintiff] on notice of the affirmative defenses"); *accord Bielfeldt v. Bourazak*, No. 15-1419, 2016 U.S. Dist. LEXIS 46986, *6 (C.D. Ill. Apr. 7, 2016) ("Federal Rule of Civil Procedure 8 requires for affirmative defenses, at a minimum, fair notice of a party's defense."). Defendant has pleaded no facts in support of its fifth affirmative defense so it must be stricken.

  ii. *Ninth Affirmative Defense--Arbitration*

The Ninth Affirmative Defendant provides "Upon information and belief, Plaintiff's claims are subject to arbitration pursuant to a valid and binding arbitration agreement. Experian specifically reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiff."

Federal Rule of Civil Procedure 8(c) requires that the party responding to a complaint state the affirmative defenses that it intends to raise. *See* Fed. R. Civ. P. 8(c). However, Rule 8 also requires that in addition to merely stating the affirmative defense, the party raising it must meet the pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain

5

statement' of the defense . . . alleg[ing] the necessary elements of the alleged claims." *Heller,* 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)).

Plaintiff argues that striking this affirmative defense is proper because there are no facts about the purported arbitration agreement and that Defendant has waived its right to compel arbitration. Defendant argues that the question of whether the right to compel arbitration has been waived is outside of the purview of a motion to strike. Defendant is correct that whether it has waived its right to seek to compel arbitration is not within the scope of a motion to strike, and the Court will not address that issue at this time.

As noted above, this Court declines to apply the "plausibility" standard of *Iqbal* and *Twombly* to affirmative defenses. *Fletcher v. Hoeppner Wagner & Evans, LLP*, No. 14-231, 2015 U.S. Dist. LEXIS 153057, *19 (N.D. Ind. Nov. 12, 2015) ("[T]he Court declines to apply to affirmative defenses the plausibility standard applied in *Iqbal* and *Twombly*"); *Husainy*, 2016 U.S. Dist. LEXIS 54073 at *2 ("This Court continues to agree with those cases declining to apply . . . *Iqbal* and *Twombly* to affirmative defenses.").

The Ninth Affirmative Defense does not include any facts about the alleged arbitration agreement and must be stricken.

### III.    Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** the Motion to Strike Answer and Affirmative Defenses [DE 15].

The Court **ORDERS** that Defendant's Affirmative Defenses 1 and 6 at Defendant's request and Affirmative Defenses 5 and 9 are **STRICKEN**. The Court grants Defendant leave to file amended Affirmative Defenses solely for the purpose of amending affirmative defenses 5 and 9 to set forth

defenses which defeat liability for all or some of plaintiff's claims even if plaintiff can prove all of the elements of those claims, with short and plain statements of fact supporting said defenses, as required by Rule 8(b).

The deadline for Defendant to file the Amended Affirmative Defenses is **February 14, 2023**.

SO ORDERED this 17th day of January, 2023.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record