UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAYAFETTE

| | |
|---|---|
| FABIAN HUIZAR, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> EXPERIAN INFORMATION ) <br> SOLUTIONS, INC., ) <br> ) <br> Defendant. ) | Cause No. 4:22-cv-85-PPS-JEM |
| FABIAN HUIZAR, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> TRANSUNION, LLC, ) <br> ) <br> Defendant. ) | Cause No. 4:22-cv-86-PPS-JEM |
| FABIAN HUIZAR, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> EQUIFAX INFORMATION ) <br> SERVICES, LLC ) <br> ) <br> Defendant. ) | Cause No. 4:22-cv-90-PPS-JEM |

**OPINION AND ORDER**

Plaintiff, Fabian Huizar, filed a Motion to Review Magistrate Judge Martin's

Order dated January 13, 2025. [DE 168 in Case No. 4:22-cv-85; DE 134 in Case No. 4:22-

cv-86; and DE 139 in Case No. 4:22-cv-90.]¹ For the reasons set forth below, Plaintiff's objections are OVERRULED.

**Background**

These Fair Credit Reporting Act cases have involved quite a bit of discovery - including multiple rounds of written discovery, non-party discovery, expert discovery, along with numerous depositions (including ten non-party depositions). Despite this court's effort to streamline the cases by consolidating discovery, there has been extensive motion practice that has belabored the process, including a motion to compel discovery filed by Plaintiff that was filed a few minutes after midnight in most of the cases on the morning after the close of the third extended deadline to complete discovery. [DE 155 at 4.]

Following extensive briefing on the motion to compel (including a sur-reply filed by Experian to address arguments Huizar raised for the first time in the reply brief), Judge Martin denied the motion "as untimely and for failure to comply with Rule 37, but the Court [ ] also address[ed] some additional issues raised in the briefing." [DE 155 at 5.] Specifically, Judge Martin denied Huizar's motion to compel depositions, recognizing he failed to comply with Local Rule 37's requirement of a meet and confer

---

¹ The docket entries cited in this order are to the case *Huizar v. Experian Information Solutions, Inc.*, No. 4:22-cv-85. The cases in the caption were previously consolidated for the purpose of discovery. When discovery ended, the Court ordered the parties to make all filings in the relevant case only. [DE 164.] Plaintiff filed his (identical) objection to the Magistrate's order in each of the formerly-consolidated cases, and for the sake of simplicity, this one comprehensive order will be filed in each of these three cases too.

prior to filing the motion to compel, plus "failed to show good cause or excusable neglect for the belated filing," plus never clarified what he was "attempting to obtain from the deponent[s], how it is relevant to the case as a whole, whether it is proportionate to the needs of the case or would be burdensome to provide, or whether the information is most appropriately obtained from a corporate designee rather than a document request." [DE 155 at 5-6.] Judge Martin also ordered the Defendants to file itemizations of their costs and fees. [*Id.* at 8.]

Defendants filed briefs explaining the fees incurred in defending against Huizar's motion to compel, and Plaintiff opposed, which just led to more briefing and protracted litigation. [DE 156, 157, 158, 159, 160, 161, 162.] Equifax sought attorneys fees in the amount of $3,026.50, representing 6.2 attorney hours at $385 per hour and .9 attorney hours at $745.00. [DE 163 at 2.] Experian sought $11,292.00 in fees and expenses from the motion to compel, representing 21.4 hours at rates of $280 per paralegal hour and $420 per associate attorney hours and $500 per partner hour, plus an additional $11,974.00 in attorney and paralegal fees for briefing the issue of attorney fees. *Id.* And TransUnion requested $4,444.70 representing 18.4 hours of work at $242 per attorney hour and $215 per paralegal hour. *Id.*

Judge Martin found the motion to compel was not substantially justified. [*Id.* at 3-4.] In addition, he noted that Huizar did not dispute the amount of fees requested by Equifax or TransUnion, but only argued that Experian's requested fees were unreasonable. [*Id.* at 4.] Judge Martin found Experian thoroughly described the

3

activities billed to the client, including hours billed by a paralegal, and noted that it wasn't inappropriate for attorneys "to communicate to coordinate their approach in a case such as this one." [*Id.* at 5.] He therefore granted the payments of fees and costs in the following amounts: $3,026.50 to Equifax; $23,266 to Experian; and $4,444.70 to TransUnion. [*Id.* at 7.] It is this order (and this order only), finding the motion to compel was not substantially justified and granting the specific amount of reimbursable attorneys fees, that Huizar has objected to.

## Discussion

A district court's review of any discovery-related decisions made by a magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure. Rule 72(a) provides that, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The clear error standard means the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). This is an "extremely deferential standard of review." *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (citing *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). In conducting this review, this Court does not ask whether the finding is the best or only permissible conclusion, nor does it substitute its own conclusions for the magistrate judge's. *Herz v. Diocese of Fort Wayne-S. Bend, Inc.*, No. 1:12-cv-122 RM, 2012

4

WL 3870528, at *1 (N.D. Ind. Sept. 5, 2012). "A respect for this standard is important, given the pivotal role that magistrate judges play in overseeing the conduct of the sort of complex pretrial discovery typified by this case." *Gargiulo v. Baystate Health Inc.*, 279 F.R.D. 62, 64 (D. Mass. 2012).

I. **Timeliness of the Objection**s

Judge Martin's order was entered on January 13, 2025. [DE 163.] Pursuant to Rule 72(a), any objection was due within 14 days. Fed. R. Civ. P. 72(a). In other words, Huizar's objection was due on January 27, 2025, but (in line with his past behavior in this case), he filed it one day late on January 28, 2025. Tardiness can have real-world consequences. *See Smith ex rel. Smith v. Severn*, 129 F.3d 419, 424-25 (7th Cir. 1997) (emphasizing the need for adherence to reasonable deadlines in the practice of law).

As I have noted previously, "Rule 72(a) is as plain as day as to the consequences of untimely challenging a magistrate judge's order on a non-dispositive matter: 'A party may not assign as error a defect in the order not timely objected to.'"). *Stratford Ins. Co. v. Shorewood Forest Utilities, Inc.*, No. 2:20-cv-372-PPS, 2024 WL 773612, at *3 (N.D. Ind. Feb. 23, 2024) (quoting Fed. R. Civ. P. 72(a)). While the 14-day deadline is not jurisdictional, *see Kruger v. Apfel*, 214 F.3d 784, 786 (7th Cir. 2000), "the parties and the court are not free to ignore it." *Day v. River Forest Sch. Dist. 90*, No. 10 CV 4426, 2012 WL 3835840, at *2 (N.D. Ill. Sept. 4, 2012). The Seventh Circuit has instructed that the court should take into account whether the objections are egregiously late, and whether the delay in filing them has caused any prejudice. *Kruger*, 214 F.3d at 786-87.

Ultimately, the decision whether to consider a late-filed objection is within the court's discretion. *See Anderson v. Hale*, 159 F.Supp.2d 1116, 1117 (N.D. Ill. 2001).

In *Kruger*, the Seventh Circuit found that missing the objection deadline by one day was not egregiously late and did not create prejudice, so the district court should have considered the objections. *Kruger*, 214 F.3d at 786-87. I will not, of course, condone the filing of a late objection. That is particularly true under these circumstances coming on the heals of the filing of a tardy motion to compel. But considering it was only a day late and caused not the slightest prejudice to the Defendants, I will reluctantly consider the objections on the merits.

## II.     Merits of the Objections

In this case, Plaintiff has not shown that any part of the order is clearly erroneous or contrary to law. Magistrate Judge Martin applied the correct legal standard when he determined the amount of attorneys fees due to Equifax, Experian, and TransUnion, and I cannot say that I am left with a "definite and firm conviction" that a mistake was made by Judge Martin in any way here.

Rule 37 provides a motion "for an order compelling disclosure or discovery . . . must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Northern District of Indiana Local Rule 37-1 provides "[a] party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer

6

with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1(a). The Seventh Circuit has held that Rule 37 "presumptively requires every loser to make good the victor's costs," suggesting that the fee shifting requirements encourage the voluntary resolution of discovery disputes by the parties. *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994). As the Rule makes clear, "[a] loser may avoid payment by establishing that his position was substantially justified." *Id.* at 787. Substantial justification exists if the motion posited a "genuine dispute" or if reasonable people could differ as to the appropriateness of the contested action. *See Fogel v. Bukovic*, No. 11 C 1178, 2011 WL 2463528, at *3 (N.D. Ill. June 20, 2011).

Boiled down, Huizar makes three arguments: (1) Plaintiff should not be blamed for "[t]he Magistrate Judge's inability to understand [the basis of Plaintiff's discovery requests]," (2) Judge Martin mistakenly placed the "wrong burden" onto Plaintiff; and (3) Plaintiff's failure to meet and confer with Defendants and that some of the filings of the motion to compel "came in shortly after midnight Eastern time" should be irrelevant as to whether Plaintiff was substantially justified in filing a motion to compel deposition testimony. [DE 168 at 4-10.] All three are meritless.

First, Huizar essentially blames Judge Martin for his not understanding what Plaintiff now seems to concede was shoddy briefing of the motion to compel. Plaintiff admits that his "attempt at brevity in his motion to compel briefing was inadequate to show to the Magistrate Judge the import of the discovery, or what Plaintiff was going

7

for." [DE 168 at 10.]  As an aside, the briefing for the motion to compel was anything but "brief" - - excluding exhibits, Plaintiff devoted 25 pages across five filings in support of his motion to compel additional depositions in addition to another 26 pages across three filings objecting to Defendants' fee requests. [DE 141, 142, 147, 149, 154, 158, 159, 161.]  Anyway, Huizar's attempts to now shore up his original discovery requests in the motion to compel are both late and insufficient.  Plaintiff's effort to now explain the foundation for his motion to compel filed way back in July 2024, are waived.  Huizar did not make these arguments to Judge Martin and he didn't file an objection to Judge Martin's original order denying the motion to compel. [DE 155.]  "[A]rguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) (citation omitted).  That waiver extends to arguments raised for the first time in objections to the magistrate's ruling. *Haywood v. Baylor*, 804 F. App'x 401, 403 (7th Cir. 2020); *Maxwell v. South Bend Work Release Ctr.*, No. 3:09-cv-008-PPS-CAN, 2010 WL 4318800, at *2 (N.D. Ind. Oct. 25, 2010) ("Arguments not raised before a magistrate judge and raised for the first time in the objections filed before the district judge are waived.").

Even if this argument was not considered waived, it misconstrues Judge Martin's rulings on the merits.  Judge Martin awarded fees to Defendants because Huizar did not clearly set forth what he was seeking, resulting in a waste of energy and resources for both the Court and multiple opposing counsel:

> Rather than identify the specific topics he noticed and how the
> responses were insufficient, he lists the topic numbers, apparently

8

>referring to the numbered list of topics on the notices of Rule
>30(b)(6) depositions, and then cites some caselaw for the general
>proposition that the topics are relevant.  For example, for one set of
>topics, Plaintiff includes a heading that says: "Topics #18-19 (Notice
>of problems)."  The paragraph following the heading starts with a
>sentence citing to caselaw referring to "the health or safety of
>others," then concludes that "Defendants have been on notice of the
>inadequacy of their investigations and inaccuracies in their files."
>The section closes with a third sentence referring to other sources of
>the information being sought, averring that Defendants have not
>provided those sources either.  The Court cannot ascertain what
>information Plaintiff is attempting to obtain from the deponent,
>how it is relevant to the case as a whole, whether it is proportionate
>to the needs of the case or would be burdensome to provide, or
>whether the information is most appropriately obtained from a
>corporate designee rather than a document request.

[DE 155 at 6.]  There is nothing wrong with this analysis.  Instead of criticizing Judge Martin for his "inability to understand," Huizar should have clearly set forth the material he was seeking in the motion to compel and explained how that information was relevant to the case.  "It is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver."  *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2022) (quotation omitted).

Huizar insists that a reasonable person could conclude that the discovery requests were substantially justified. [DE 141 at 2.]  In support of this argument, Huizar cites a case in state court, *Kurtis v. Equifax Information Servs.*, LLC, 79 C01-2305-CT098 (Circuit Court of Tippecanoe County, Indiana), which involved a similar motion to compel to which the same Plaintiff was a party, and Judge Sean Persin commented during oral argument that "a lot of things that he's seeking seems relevant to me." [DE

9

170-1 at 3.] However, without ruling on it, Judge Persin went on to say that "it's not just a simple granting or denying. I really need to parse it out as to, as to what's appropriate in this case. I'll give it the attention it deserves." [*Id.* at 6.] Before Judge Persin ruled on the motion to compel in that case, it was removed to federal court. [DE 170-5.] While Huizar insists this means that Equifax was afraid of the oncoming order by Judge Persin on the motion to compel (and a motion for summary judgment), this is wild speculation. [DE 170 at 3.] The *Kurtis* case does not show that reasonable minds could differ about the substantial justification of the motion to compel in this case. Judge Persin didn't even rule on that motion to compel. And, in contrast, Plaintiff's counsel has lost at least one other dispute over a magistrate judge's ruling on discovery. *See Durham v. Experian Info. Sols., Inc.*, No. 23-00255 MWJS-KJM, 2024 WL 3791184, at *2 (D. Haw. Aug. 13, 2024) (holding, in discovery dispute over similar deposition topics, that Plaintiff "has not shown that Magistrate Judge Mansfield's order was clearly erroneous or contrary to law.").

Next, Huizar argues that Judge Martin incorrectly placed the burden on Plaintiff regarding Plaintiff's motion to compel additional testimony. [DE 168 at 7-8.] This argument seems to be aimed at challenging Judge Martin's initial ruling denying the motion to compel (to which no objection was lodged). When ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). A party objecting to discovery retains the burden to show why

10

the discovery request is improper.  *United States v. 58.16 Acres of Land*, 66 F.R.D. 570, 572-73 (E.D. Ill. 1975).

Huizar points to a single comment made by Judge Martin in his most recent order granting fees and finding no substantial justification, stating "[i]n short, Plaintiff failed to meet his burden of demonstrating how Defendants' discovery responses are inadequate." [DE 163 at 4.]  Huizar has taken Judge Martin's comment out of context - it was made at the end of the section where Judge Martin was analyzing whether Plaintiff demonstrated that his motion to compel was substantially justified in order to make an award of expenses unjust.  Judge Martin clearly made the statement in response to Huizar's own argument that Defendants' discovery responses and productions had been insufficient, necessitating a second round of Rule 30(b)(6) depositions. [*See* DE 147 at 4-5 ("Plaintiff first attempted to secure the information at hand through written discovery early in this case . . . The Plaintiff asked for the documents in discovery.  The Plaintiff sought the Defendants to produce them.")]  Judge Martin recapped that he could not originally ascertain what information Huizar was attempting to obtain from the deponent, how it was relevant to the case as a whole, and whether it was proportionate to the needs of the case or would be burdensome to provide, and then made the comment that Plaintiff failed to meet his burden of demonstrating how Defendants' discovery responses were inadequate.  Nothing about Judge Martin's statement is incorrect, as he was commenting on Plaintiff's failure to show substantial justification.

11

Finally, Huizar claims Judge Martin erred by sanctioning Plaintiff for his failure to meet and confer under Local Rule 37 and for filing a motion to compel discovery just after the close of discovery. But Judge Martin never indicated that any one of these occurrences in isolation meant Huizar was not substantially justified in filing the motion to compel. Huizar's argment that "a lack of meeting should not be the basis for $30,000 + attorney fees" [DE 170 at 5] is not a fair assessment of Judge Martin's reasoning. When I read Judge Martin's order, to me it is a combination of factors – specifically, that Plaintiff did not participate in the Rule 37 meet and confer, and that the motion to compel was so poorly briefed that the Court could not even tell what information Huizar was seeking in the motion to compel, that caused Judge Martin to reach the conclusion that the motion to confer was not substantially justified. [DE 163 at 3-4.] This reasoning in Judge Martin's order on fees reflects his original reasoning in the order denying the motion to compel where he found: "[e]ven if the motion had been timely filed with an appropriate Rule 37 certificate of true attempt to meet and confer, it is not apparent to the Court exactly what information Plaintiff is attempting to compel from Defendants, whether it is relevant to this case, or whether a 30(b)(6) deposition is the appropriate method to obtain the information." [DE 155 at 7.]

Regarding the obligation under Rule 37 to meet and confer before filing a motion to compel, while Huizar cites a non-controlling case from the Southern District of New York finding failure to discuss issues prior to filing a motion to compel didn't warrant an assessment of costs "against either defendant or its counsel *in this particular*

12

*situation,*" *Quaker Chair Corp. v. Litton Bus. Sys., Inc.*, 71 F.R.D. 527, 536 (S.D.N.Y. 1976) (emphasis added), Defendants cite a much more recent case from this district finding a failure to comply with the meet and confer requirement *did* render the motion lacking substantial justification. *See Paget v. Principal Life Ins. Co.*, No. 1:12-CV-01575-TWP-MJD, 2014 WL 12749152, at *2 (S.D. Ind. Apr. 22, 2024). Other cases are in line with this finding that failure to comply with the meet and confer obligations of Rule 37 can show a motion to compel lacks substantial justification. *See, e.g., Tecnomatic, S.p.A. v. Remy, Inc.*, No. 1:11-cv-991-SEM-MJD, 2013 WL 6665531, at *2 (S.D. Ind. Dec. 17, 2013) (in light of the failure to comply with its meet and confer obligation, there was no genuine dispute underlying the motion to compel and it lacked substantial justification); *Carlson v. City of Delafield*, No. 08-C-751, 2010 WL 1641915, at *4 (E.D. Wis. Apr. 21, 2010) (holding a motion to compel was not substantially justified because, *inter alia*, "[the movant's] failure to satisfy the meet and confer requirements with respect to the e-mail discovery dispute is blatant and lacks a reasonable factual basis.").

Huizar still disputes Judge Martin's finding that the motion to compel was untimely (quarreling over time zones and how soon after midnight some things were filed). [DE 168 at 8-9.] While Judge Martin did find the motion untimely when first denying the motion to compel [DE 155 at 5], in his order analyzing whether attorneys fees were substantially justified, he does not even mention the untimeliness of the motion to compel [DE 163 at 3]. Because the timeliness did not seem to factor into Judge Martin's examination of whether fees are substantially justified, and Plaintiff did

13

not move to review Judge Martin's order denying the motion to compel, I'm not going to delve back into this matter.

For all of these reasons, I do not find any part of Judge Martin's order [DE 163] clearly erroneous or contrary to the law. Plaintiff's objections are therefore overruled.

## Conclusion

For the aforementioned reasons, the objections set forth in Plaintiff, Fabian Huizar's Motion to Review Magistrate Judge Martin's Order dated January 13, 2025 [DE 168 in Case No. 4:22-cv-85; DE 134 in Case No. 4:22-cv-86; and DE 139 in Case No. 4:22-cv-90] are OVERRULED.

SO ORDERED.

ENTERED: March 17, 2025.

　　　　　　　　　　　　　　　　　　　/s/ Philip P. Simon
　　　　　　　　　　　　　　　　　　　PHILIP P. SIMON, JUDGE
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT