UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| FABIAN HUIZAR,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No. 4:22-CV-85-PPS |

**OPINION AND ORDER**

Fabian Huizar claims he was harmed by Experian Information Solutions when it failed to conduct a reasonable investigation of his complaints that it was misrepresenting his credit history. We are now nearly four years into this litigation and Defendant Experian has now moved to compel arbitration. The motion comes after Experian's removal of the case to this Court, after full fact and expert discovery, after a failed motion for summary judgment, after a failed motion for reconsideration, after two trial settings, and after a trial continuance that Experian itself requested. Experian pleaded arbitration as an affirmative defense back in November 2022 but then, later on, affirmatively withdrew the defense. Yet only now—nearly four years later and just a couple months before trial—does Experian seek to invoke a right to arbitrate Huizar's claims. This awe-inspiring request (and I don't mean that in a good way) cannot be countenanced. Experian litigated this case in this Court all the way to the doorstep of

trial, and by doing so it waived any right to arbitration. It cannot change course now and start over in a different forum. The motion to compel arbitration is denied.

**Background**

On July 11, 2022, Plaintiff Fabian Huizar filed cases in Indiana state court under the Fair Credit Reporting Act against four different defendants: Horizon Bank and three credit reporting agencies (or CRAs for short)—Experian, Trans Union, and Equifax Information Services. Huizar alleges that each of them inaccurately reported credit information about him in violation of the FCRA. After years of litigating those claims, Experian now seeks to invoke an arbitration agreement.

In 2019, Huizar enrolled in CreditWorks, a credit monitoring membership offered by Experian's affiliate, ConsumerInfo.com, Inc., which does business as Experian Consumer Services. [DE 262-1 at ¶ 3.] To complete his enrollment in CreditWorks, Huizar filled out two webforms and clicked a "Submit Secure Order" button. The second form included a disclosure: "By clicking Submit Secure Order: I accept and agree to your Terms of Use Agreement[.]" [DE 262-3 at 2.] The phrase "Terms of Use Agreement" was hyperlinked to that agreement, which included the arbitration provision at issue. [DE 262-1 at ¶ 4] Experian attached to its motion two versions of the Terms of Use Agreement—one dated March 29, 2019 and the other dated May 5, 2022. [DE 262-4; DE 262-5.] The first was effective when Huizar enrolled in CreditWorks; the second when he filed the lawsuit. [DE 262-1 at ¶ 5.]

In all respects that matter to this motion, the two versions are the same. Both contain an arbitration agreement. Each also includes a delegation clause that is critical to resolving the present motion:

> All issues are for the arbitrator to decide, including the scope and enforceability of this arbitration provision as well as the Agreement's other terms and conditions, and the arbitrator shall have exclusive authority to resolve any such dispute relating to the scope and enforceability of this arbitration provision or any other term of this Agreement including, but not limited to any claim that all or any part of this arbitration provision or Agreement is void or voidable.

[DE 262-4 at 4-5; DE 262-5 at 10.] Of note, as can be seen from the above provision, there is no reference to who decides questions of waiver of the right to arbitrate. Furthermore, each contains a section titled "Amendments," which provides: "Each time you order, access or use any of the Services or Websites, you signify your acceptance and agreement, without limitation or qualification, to be bound by the then current Agreement." [DE 262-1 at ¶ 7.]

After Huizar filed suit in Indiana state court, Experian didn't want to proceed in that forum. But it didn't want to pursue arbitration either. So, it removed the case from state court to this Court in November 2022. It didn't seek to arbitrate then or any time soon after. Instead, it tried to win the case in this court while keeping the arbitration agreement in its back pocket for use later on in case things didn't work out as planned.

After Horizon and the other CRA defendants removed the cases, then-Chief Judge Jon E. DeGuilio reassigned the four related cases to me. [DE 11.] In January 2023, Experian moved to consolidate the three CRA cases. [DE 27.] I denied that motion

without prejudice for failure to comply with the Court's Local Rules. [DE 29.] Experian persisted and filed an amended motion to consolidate. [DE 33.] I granted it, though with relief different from the one requested: I consolidated all four cases, including Horizon Bank's, for discovery purposes only. [DE 49.] After discovery finally closed, at Experian's urging, I formally consolidated the CRAs into one case and left Horizon alone in the other. Thus, two trials were set—one against Horizon Bank and one against the three CRAs. [DE 243.] Huizar tried and won his case against Horizon Bank before a jury in June 2026. I return to that trial in a moment.

After removing the case here, Experian litigated with vigor. It engaged in extensive fact discovery, deposing multiple witnesses including, among others, the Plaintiff [DE 182-4], his wife [DE 182-24], and his friend [DE 172-51], and it engaged in third-party discovery, deposing Xactus, LLC [DE 172-52]. It defended depositions of its own Rule 30(b)(6) representative and several Experian dispute agents. [*See* DE 30; 68; 78; 86; 107.] It also litigated discovery disputes [DE 30; 153], sought protective orders [DE 41; 68], sought fees from Huizar [DE 157], and filed a *Daubert* motion seeking to exclude Huizar's experts [DE 177]. This all culminated in Experian seeking to win the case on paper through the filing of a summary judgment motion, which it lost. [DE 179; 220.] Experian sought reconsideration of that ruling, but it too was denied. [DE 226; 244.] Finally, after it failed to win on summary judgment, Experian successfully moved to continue the previously set June 2026 trial date [DE 246; 247] following two earlier trial settings [DE 167; 243].

The trial against Horizon Bank took place in June 2026. On June 24, the jury returned a verdict in favor of Huizar, awarding him $365,000 in actual damages and $2,500,000 in punitive damages. [4:22-cv-60, DE 197.] The trial against Experian, Equifax, and Trans Union was most recently set for October 5, 2026. [DE 254.][1]

The arbitration agreement's existence wasn't a recent surprise discovery by Experian. Indeed, back in November 2022, it pleaded arbitration as an affirmative defense and stated that Experian "specifically reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiff." [DE 12 at 25-26.] So, there's no question that it knew about its arbitration agreement in the earliest days of this case. Instead of invoking the arbitration agreement when the case was filed, which would have been its right, Experian took a "wait-and-see" approach. Only after failing at summary judgment and within two weeks of watching Horizon Bank get hit with a giant verdict, did Experian move to invoke that agreement—almost four years into the litigation and a few months before its own trial date.

Huizar's response to the motion is not the least bit surprising. He claims that Experian has plainly waived the right to arbitrate through litigation conduct. Experian's only meaningful rejoinder is that this is a decision that only the arbitrator can make. I set the matter for a hearing on August 6, 2026, where both sides presented argument on

[1] I stayed the case against all three CRA defendants on August 17, 2026 due to Experian's motion to compel arbitration. [DE 281.]

the motion and for the reasons below, I conclude Experian waived its right to arbitration.

**Discussion**

There are two issues to be decided: First is who is empowered to make the decision over whether Experian waived its rights to arbitrate—the Court or the arbitrator? And second, if it is a matter for me to decide, did Experian in fact waive its rights? I'll take up each question in turn below.

**I. Waiver Is for the Court to Decide.**

The question of who decides the waiver issue starts with the Seventh Circuit decision in *Al-Nahhas v. 777 Partners LLC*, 129 F.4th 418 (7th Cir. 2025). In *Al-Nahhas*, the Seventh Circuit stated the basic rule as follows: "courts, not arbitrators, decide whether a party has waived the right to compel arbitration." *Id*. at 424. Experian tells me that *Al-Nahhas* is beside the point because this case has a specific delegation clause reserving "all issues . . . for the arbitrator to decide" and the agreement in *Al-Nahhas* did not. Experian also points to cases from other circuits to argue that the question of waiver is only *presumptively* an issue for the court to decide, and that the presumption is overcome where a delegation clause clearly commits the waiver question to an arbitrator.

First, Experian relies on *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1 (1st Cir. 2005), which is cited with approval in *Al-Nahhas*. There, the First Circuit held that litigation-conduct waiver is presumptively for the court to decide but recognized that

clear and unmistakable contract language can overcome that presumption. *Id*. at 14-15. Then there is *Lamonaco v. Experian Info. Sols., Inc.*, where the Eleventh Circuit enforced a delegation clause in a CreditWorks agreement that expressly assigned the waiver issue to an arbitrator. 141 F.4th 1343, 1349 (11th Cir. 2025). The delegation clause there read: "All issues are for the arbitrator to decide including, but not limited to . . . whether you or [Experian], through litigation conduct or otherwise, *waived the right to arbitrate*." *Id*. at 1346 (emphasis added). Because the agreement "made the point unmistakable" that waiver was a matter for the arbitrator, the district court could not rule on that issue. *Id*. at 1345. Experian contends the delegation clause in this case likewise includes "clear and unambiguous language delegating the issue of waiver," so it overcomes the presumption recognized in *Al-Nahhas*. [DE 266 at 7.]

Experian is pulling too much out of *Lamonaco*. The delegation clause there differs from the one Huizar accepted in a fatal way—the *Lamonaco* clause expressly delegated the waiver issue to an arbitrator. Huizar's does not. *See Lamonaco*, 141 F.4th at 1346 (quoting an amended delegation clause allocating "[a]ll issues . . . including, but not limited to . . . whether you or Experian, through litigation conduct or otherwise, waived the right to arbitrate") [DE 262-4 at 4-5; 262-5 at 10.] Huizar made this point in his response [DE 264 at 18 n.2], and Experian did not dispute it. *Marie* likewise cuts against Experian. The First Circuit held the waiver question belonged to the judge because there were "no references to waiver or similar terms anywhere in the arbitration agreement." *Marie*, 402 F.3d at 15 ("Neither party should be forced to arbitrate the issue

of waiver by conduct without a clearer indication in the agreement that they have agreed to do so."). The clause in this case similarly contains no references to waiver.

Numerous courts agree, including some that Experian cites in its opening brief [DE 262], that without an explicit delegation of waiver, the issue is for the judge to decide. Indeed, they held that the precise clause at issue—and clauses with materially similar language—do not unmistakably delegate the question of waiver through litigation conduct. *See Solis v. Experian Info. Sols., Inc.*, 629 F. Supp. 3d 1016, 1020 (C.D. Cal. 2022) (holding that the clause's "[a]ll issues . . . including the scope and enforceability" language is not so 'clear' and 'unmistakable' to encompass waiver through litigation conduct); *Liu v. Equifax Info. Servs., LLC*, No. 22-CV-10638-ADB, 2024 WL 308089, at *5-6 (D. Mass. Jan. 26, 2024) (collecting and approving cases holding that the "all issues" language does not evince clear and unmistakable evidence of waiver-issue delegation absent "explicit reference to waiver or similar terms"). *See also DeVries v. Experian Info. Sols., Inc.*, No. 16-CV-02953-WHO, 2017 WL 733096, at *11 (N.D. Cal. Feb. 24, 2017) (delegating scope and enforceability challenges to the arbitrator but retaining and deciding the waiver question); *Alvarez v. Experian Info. Sols., Inc.*, 661 F. Supp. 3d 18, 28-29 (E.D.N.Y. 2023) (same).

One case discussed in the parties' briefing is ostensibly helpful to Experian. In *Cline*, the court held that the same delegation clause Huizar accepted reserved the waiver question for the arbitrator. *See Cline v. Equifax Info. Servs., LLC*, No. 1:22-CV-02021-TWP-MJD, 2023 WL 3872392, at *3 (S.D. Ind. May 30, 2023). That case, however,

predates *Al-Nahhas*. In 2025, a court within the same district faced with the same clause applied *Al-Nahhas* and decided the waiver issue itself. *Browning v. Trans Union LLC*, No. 4:24-CV-00029-TWP-KMB, 2025 WL 1503973, at *5–6 (S.D. Ind. May 27, 2025).

Experian's remaining argument fares no better. It says Huizar never specifically challenged the delegation clause, so under *Rent-A-Center*, the waiver inquiry ends before it begins. Experian misunderstands that case. *Rent-A-Center* concerns challenges to a delegation clause's validity. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70-72 (2010). Huizar isn't saying that the delegation clause is invalid. He's saying the clause, exactly as written, doesn't cover the issue of waiver through litigation conduct. I agree with Huizar on this point, and because the clause does not expressly delegate waiver, that question is for me to decide.

**II. Experian Waived Its Arbitration Right Through Litigation Conduct.**

Now that it is clear that the question of waiver is for me to decide, the rest of this opinion can write itself—waiver is that obvious. The right to arbitrate, like any other contractual right, may be waived. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022). In the Seventh Circuit, waiver is inferred where, considering the totality of the circumstances, a party has "acted inconsistently with the right to arbitrate." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011).

Several factors inform the waiver analysis, but "diligence or the lack thereof should weigh heavily in the decision." *Id*. Other factors include whether the party invoking arbitration removed the action to federal court, participated in discovery, or

"traveled too far down the judicial road before reversing course." *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, 952 F.3d 887, 892 (7th Cir. 2020); *Kawasaki,* 660 F.3d at 994; *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995). This is especially true when a party seeks to prevail in court on the merits but then loses. Under such a circumstance, it is "especially telling" evidence that the party acted inconsistently with a desire to arbitrate. *See St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 589 (7th Cir. 1992) (considering a party's filing of a motion to dismiss and motion for summary judgment as meaningful factors in waiver analysis).

Based on these factors, Experian plainly waived its right to arbitrate. Indeed, it's not even a close call. Start with the very beginning. Experian removed this action from state court [DE 1], affirmatively selecting this forum and invoking this Court's jurisdiction rather than demanding arbitration. Next, in November 2022, it pleaded arbitration as an affirmative defense in its answer to Huizar's complaint. [DE 12 at 25-26.] Experian therefore cannot attribute its delay to oversight or newly discovered information. Every litigation decision that followed was made with the arbitration option available.

Experian made an interesting choice when it filed its amended answer in February 2023. Prior to that, Magistrate Judge John E. Martin struck Experian's affirmative defense of arbitration for failure to include any facts about the agreement, and he granted Experian leave to file amended affirmative defenses. [DE 23 at 5-6.]

Rather than amend the defense, Experian withdrew it entirely. [DE 37 at 26.] I need not decide whether this decision acts as an express waiver, but at the very least it's certainly inconsistent with a desire to arbitrate.

More to the point, what happened after the arbitration defense was withdrawn is dispositive. Experian litigated this case in federal court for more than three years. The Seventh Circuit has found waiver on far less. *Smith* affirmed a waiver finding by delay of only thirteen months. *Smith v. GC Servs. Ltd. P'ship*, 907 F.3d 495, 499-500 (7th Cir. 2018). *Al-Nahhas* found "substantial, inexcusable delay" at fourteen months. 129 F.4th at 427. And in *Royce*, the Seventh Circuit held that "[a] delay of over three-and-a-half years is alone sufficient to find waiver, particularly where [the movant] actively participated in the litigation." *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 950 (7th Cir. 2020). There's no question that Experian actively participated in this litigation, and the delay here is longer than the one in *Royce*.

As noted above, Experian participated extensively in discovery, deposing numerous witnesses, defending depositions of its own witnesses, moving to exclude Huizar's experts, and litigating several discovery disputes along the way. Then, after discovery closed, Experian twice asked me to resolve the case on the merits—first on summary judgment and then on reconsideration. *See St. Mary's Med. Ctr.*, 969 F.2d at 589 ("A party may not normally submit a claim for resolution in one forum and then, when it is disappointed with the result in that forum, seek another forum.").

Finally, the timing of Experian's motion to compel arbitration strongly supports the inference that Experian engaged in a game of "heads I win, tails you lose," which the Seventh Circuit has called "the worst possible reason for delay." *See Smith*, 907 F.3d at 500 (citing *Cabinetree*, 50 F.3d at 391). Two events support this inference. First, as discussed, Experian attempted (but failed) to get this case dismissed on summary judgment. [DE 220.] It then lost a subsequent motion for reconsideration and was told that willfulness and punitive damages were issues that would go to a jury. [DE 244.] Second, after it obtained a continuance of its June 2026 trial date [DE 246; 247], recall that Huizar's case proceeded to trial against Horizon Bank which resulted in a jury verdict in favor of Huizar, awarding him $365,000 in actual damages and $2.5 million in punitive damages. [4:22-cv-60, DE 197.] Within two weeks of that verdict, Experian finally decided to play the ace up its sleeve and moved this Court to compel arbitration.

Experian's answer to all of this is that its litigation conduct is beside the point because an arbitrator should be deciding waiver. At the hearing on the present motion, I asked counsel for Experian to suppose that it moved for arbitration in the middle of trial because the trial was obviously going south for Experian. I wondered if they could seek to compel arbitration at that point. Counsel answered yes. I will at least give them points for consistency. But taken to its logical extreme, under Experian's view of things, if the jury returned a verdict in favor of Huizar, but the clerk had not yet entered judgment, they could still move to compel arbitration. This is all just a little too much to swallow. In short, this case presents a paradigmatic example of waiver. To hold

otherwise would be an affront to any reasonable person's concept of what it means to bring litigation to a "just, speedy, and inexpensive" conclusion. Fed. R. Civ. P. 1.

Finally, in his response to Experian's motion, Huizar argued in the alternative that even if I find arbitration was not waived, Experian's motion should be denied because it did not carry its burden to establish an enforceable arbitration agreement. [DE 264 at 22.] I find that Experian waived its right to arbitration and therefore do not reach that issue.

**Conclusion**

For the reasons above, Experian Information Solutions, Inc.'s Motion to Compel Arbitration [DE 261] is **DENIED**.

**SO ORDERED**.

ENTERED: AUGUST 24, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT